UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO EL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOWYNN YOUNG, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-03260-DAD-SCR<br><br><br>ORDER |

　　　　Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on November 10, 2025. ECF Nos. 1 & 2. This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Venue is not proper in this District. For the following reasons, the Court will transfer this action to the United States District Court for the Central District of California.

　　　　Plaintiff lists his address as Los Angeles, California. ECF No. 1 at 1. Plaintiff names as Defendants the Los Angeles Superior Court and three individuals located in Inglewood and Santa Monica. *Id.* at 2. Plaintiff's statement of claim is brief, but he appears to allege that he was kidnapped by members of the Santa Monica Police Department. *Id.* at 4.

　　　　The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions

1

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, all Defendants are alleged to be located in the Central District of California. Further, the sparse factual allegations appear to involve the Santa Monica Police Department, located in the Central District of California. The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). Venue does not properly exist in this district. *See* 28 U.S.C. § 1391(b). As the Defendants have not appeared and have not waived a challenge to venue, the Court may raise the issue sua sponte. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district where it could have been brought. *Id.*, citing 28 U.S.C. § 1406(a).

Transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. *See Gigena v. Rye*, 2023 WL 7286665 (E.D. Cal. Nov. 1, 2023); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'") (internal citation omitted). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983), or if it is clear the complaint could not be amended to state a cognizable claim, *see generally Lemon v. Kramer*, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

Here, there is no obvious indication of forum shopping. And, the Court is unable to conclude at this time that there are no circumstances under which plaintiff can state a cognizable claim. The Court will transfer this action to the Central District of California pursuant to 28 U.S.C. § 1406(a). In transferring this action, this court expresses no opinion regarding the merits of Plaintiff's complaint. Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Central District of California. Further documents filed in the Eastern District of

California related to this case will be disregarded.

      In accordance with the above, **IT IS HEREBY ORDERED**:

1. This action, including the pending motions, is TRANSFERRED to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).
2. The Clerk shall close this case.

DATED: November 14, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE